## Arterburn v. Wakefield et al.

January 21, 1949.

Lorenzo K. Wood and Ewing Hardy for appellant.

David R. Castleman for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming.

The sole question for determination on this appeal is whether or not in an action on a check the petition must aver that the maker or drawer was given notice that it was dishonored by the bank. The form in which the question arises is whether the pleadings support the judgment.

Appellees, J. H. and H. A. Wakefield, doing business as the Wakefield Realty Company, brought this action against appellant, Branham Arterburn, on a check he had executed to them for $1000. The petition avers that the check was duly presented to the bank on which it was drawn and payment was refused. In the second paragraph of the petition recovery also was sought on an open account for $220.50, but we are not concerned here with the account. Appellant's general demurrer to the first paragraph of the petition was overruled, whereupon he filed answer in the form of a general denial.

Upon a trial before the court without a jury judgment went in favor of appellees for the full amount of the check. Appellant did not file his bill of exceptions in time and motion was sustained in this court to strike it, the transcript of evidence, and an amended answer tendered but not made a part of the record. Hence the

only thing left for our determination is whether the pleadings support the judgment.

It is insisted by appellant that as the petition did not aver notice was given him of the nonpayment of the check when presented at the bank, no cause of action was stated, therefore the pleadings do not support the judgment. He strenuously argues that a check is a bill of exchange under KRS 356.185, and that 356.089 requires notice of dishonor must be given the drawer of a bill of exchange, otherwise he is discharged. These two sections read:

"356.185. Check defined. A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this chapter applicable to a bill of exchange payable on demand apply to a check.

"356.089. Notice of dishonor. Except as otherwise provided in this chapter, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given is discharged."

The two sections just quoted when standing alone do imply that a failure to give notice of dishonor of a check discharges the maker. However, the several provisions of the Negotiable Instrument Act stand in pari materia and must be so construed as to give each a field of operation to effectuate the legislative purpose. While KRS 356.185 makes a check a bill of exchange, it does not do so unqualifiedly but only "except as herein otherwise provided." We must not lose sight of KRS 356.186, which reads:

"356.186. Time of presenting check; effect of delay. A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

It is seen that a distinction is made between a bill of exchange and a check by sections KRS 356.089 and 356.186. When notice of dishonor of a bill of exchange is not given the drawer, he is released by KRS 356.089; but when there is delay in presenting a check for pay-

ment, the maker is only released by KRS 356.186 to the extent of the loss caused by the delay. By enacting KRS 356.186 it is clear that the Legislature intended to place the drawer of a bill of exchange and the maker of a check on a different plane as to notice of dishonor of the respective instruments, since the latter is regarded as the principal debtor and the check purports to be drawn upon a fund deposited to meet it.

In 7 Am. Jur. sec. 9, p. 793, there are listed five particulars wherein checks differ from ordinary bills of exchange:

"(1) They are always drawn on a bank or banker and are payable on presentment, without any days of grace; (2) they require no acceptance as distinct from prompt payment; (3) they are always supposed to be drawn on a previous deposit of funds; (4) the drawer is not discharged by the laches of the holder in presenting it for payment, unless he can show that he has sustained some injury by the default; and (5) it is not due until payment is demanded, from which time only the statute of limitations runs. A check is intended for immediate payment, not for circulation."

We have neither found nor been cited to any case of ours, decided after the Uniform Negotiable Instrument Act was adopted in this jurisdiction in 1904, which is directly in point; thus we presume there is none. But counsel for appellee cites Deal v. Atlantic Coast Line R. Co., 225 Ala. 533, 144 So. 81, 83, 86 A. L. R. 455, on page 459, which decides the question now before us. It is there said:

"But as the purpose of notice is to enable the drawer to protect his interest when his check has been dishonored, and since presentment may be made, and hence the dishonor may occur, at any time within the statute of limitations (say, five years) subject only to the drawer's right to recoup his actual loss, the importance of notice seems too slight for the statutory penalty of complete discharge for its omission. So unreasonable an interpretation is to be avoided if possible. Presentment and giving of notice are so closely connected, in purpose and performance, that, in the light of the rule of Law Merchant, and of Negotiable Instrument Law, sec. 186, discharging the drawer of a check only to the extent

of his loss in case of non-presentment, the courts might well conclude that section 89 requiring notice to the drawer was meant to apply to the drawer of a bill of exchange only; and that a literal interpretation of section 89 as applicable to the drawer of a check is not within the meaning and spirit of the two sections read together. * * *

"As a general rule, the drawer or indorser of a check is not discharged from liability by the holder's omission, delay, or laches in presenting it for payment within a reasonable time, and in not giving notice of dishonor or nonpayment, unless such drawer or indorser has suffered some actual loss or damage through the failure of the bank or otherwise, and then he is only discharged pro tanto."

There are many authorities cited in the Deal case as well as in the annotation following it in 86 A. L. R. 463, which support the principle therein stated.

Appellant cites 1 Newman's Pleading & Practice, 3rd Ed., sec. 301e, p. 393, to the effect that the petition in an action on a bill of exchange must aver notice of dishonor was given, or else the pleading must set out some excuse why notice was not given, such as waiver, etc. Also, he relies upon Risk v. Bridgeford & Co., 15 Ky. Law Rep. 206 and Frazier v. Harvie, 12 Ky. 185, as supporting his position that it was necessary for the petition to aver notice of dishonor of his check was given appellant. None of these authorities strike us as being in point as none of the three deals with a check, hence they do not make the statutory distinction between a check and a bill of exchange.

Furthermore, KRS 356.114 reads:

"356.114. When notice to drawer not required. Notice of dishonor is not required to be given to the drawer in either of the following cases: (1) Where the drawer and the drawee are the same person. (2) Where the drawee is a fictitious person or a person not having capacity to contract. (3) Where the drawer is the person to whom the instrument is presented for payment. (4) Where the drawer has no right to expect or require that the drawee or acceptor will honor the instrument. (5) Where the drawer has countermanded payment."

It is common knowledge that when a bank refuses to honor or pay a check in the vast majority of cases it is because the maker has not sufficient funds on deposit to meet it or that he has countermanded payment. If he has not sufficient funds in bank, he has no right to expect or require the bank to pay his check; in which instance under subsection 4 of KRS 356.114 he is not entitled to notice. Of course, should he countermand payment, no notice is required. It appears to us that the failure to give notice to the maker of the nonpayment of his check should be an affirmative defense under KRS 356.186 and the maker should be required to set out in his answer the damage which has resulted to him by reason of such failure. Consequently, we hold that it is not necessary for a petition in an action on a check to aver that notice was given to the maker that the instrument was dishonored by the bank on which it was drawn. The views herein expressed are supported by the great weight of authority.

Therefore, we hold that the petition in the instant case stated a cause of action and it supports the judgment.

The judgment is affirmed.